**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RONALD MARTIN, ) | CASE NO. 1:09-CV-00856 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| RICH GANSHEIMER, Warden ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | |

Petitioner, Ronald Martin ("Martin"), challenges the constitutionality of his conviction in the case of *State v. Martin*, Lake County Court of Common Pleas Case No. 04-CR-714. Martin, represented by counsel, filed his Petition for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on April 15, 2009. On June 15, 2009, Warden Rich Gansheimer ("Respondent") filed his Answer/Return of Writ. (Doc. No. 4.) Martin filed a Traverse on August 14, 2009. (Doc. No. 6.) For reasons set forth in detail below, it is recommended that Martin's petition be DENIED.

**I. Procedural History**

**A. Conviction**

On November 22, 2004, a Lake County Grand Jury charged Martin with four counts of trafficking in cocaine in violation of Ohio Revised Code ("O.R.C.") § 2925.03(A)(1). (Doc. No. 4-2, Exh. 1.) Two of the counts were charged as felonies of the first degree and the other two as

felonies of the second degree. *Id*. On June 29, 2005, Martin, represented by counsel, pled guilty to the two first degree felony trafficking charges and the remaining two charges were nolled. (Doc. No. 4-2, Exh. 2.) On August 24, 2005, the trial court sentenced Martin to six year terms of incarceration on each count. (Doc. No. 4-2, Exh. 4.) The sentences were to be served consecutively for an aggregate of twelve years. *Id*.

**B. Direct Appeal**

On October 7, 2005, Martin, through counsel, filed a Notice of Appeal with the Eleventh Appellate District ("state appellate court"). (Doc. No. 4-2, Exh. 5.) Martin raised the following assignments of error:

> I. The trial court erred in sentencing the defendant-appellant to twelve years in prison when it sentenced him based upon findings not supported by the records.
>
> II. The trial court violated the defendant-appellant's rights to equal protection and due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).
>
> III. The trial court erred when it sentenced the defendant-appellant to consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury.

(Doc. No. 4-2, Exh. 6.)

On June 26, 2006, the state appellate court affirmed Martin's convictions, but vacated the sentence and remanded the case for re-sentencing consistent with *State v. Foster*, 845 N.E.2d 470, 109 Ohio St.3d 1 (Ohio 2006). (Doc. No. 4-2, Ex. 8.)

On August 9, 2006, the trial court re-sentenced Martin to the same twelve year aggregate

term.  (Doc. No. 4-2, Ex. 9.)

Martin appealed his re-sentencing to the state appellate court, raising the following six assignments of error:

> I. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
>
> II. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term in violation of defendant-appellant's right to due process.
>
> III. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term based on the Ohio Supreme Court's severance of the offending provisions under *Foster*, which was an act in violation of the principle of separation of powers.
>
> IV. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term contrary to the rule of lenity.
>
> V. The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term contrary to the intent of the Ohio legislators.
>
> VI. The trial court violated the defendant-appellant's rights to equal protection and due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio constitution when it sentenced him contrary to R.C. 2929.11(B).

(Doc. No. 4-2, Exh. 10.)

On May 29, 2007, Martin's resentencing was affirmed.  (Doc. No. 4-2, Exh. 13.)

On July 12, 2007, Martin filed a Notice of Appeal with the Supreme Court of Ohio. (Doc. No. 4-2, Exh. 14.)  In addition to the six issues raised on direct appeal, Martin also challenged the state appellate court's finding that the sentences were proper.  *Id*.  On November 27, 2007, the appeal was dismissed as not involving any substantial constitutional question. (Doc. No. 4-2, Exh. 18.)

**C.  Federal Habeas Petition**

On April 15, 2009, Martin filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> GROUND ONE: Petitioner's rights under the Due Process and Ex Post Facto Clauses of the United States Constitution were violated when Petitioner was sentenced to prison terms beyond the maximum sentence supported by his guilty plea.
>
> GROUND TWO: Petitioner's right to Due Process of Law was violated when the trial court sentenced Petitioner to greater-than-the-minimum consecutive prison terms with no additional findings made by a jury and when Petitioner had no actual or constructive notice of these possible sentences, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

(Doc. No. 1.)

## II.  Review on the Merits[1]

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

---

[1] Respondent has not alleged that Martin's petition is untimely, unexhausted, or procedurally defaulted.  (Doc. No. 4.)

Clearly established federal law is to be determined by the holdings of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

**A. Grounds One and Two**

Martin argues that the trial court was required to impose the shortest prison term

authorized for each offense[2] and that the *Foster* sentencing remedy operates as an unforeseen judicial enlargement of Ohio law. (Doc. Nos. 1 & 6.) This unforeseeable judicial enlargement, he argues, violates the *Ex Post Facto* and Due Process Clauses of the United States Constitution. Respondent contends that the statutory ranges applicable to Martin's offenses remained unchanged after *Foster*. The Court finds that both grounds for relief hinge on whether Martin's re-sentencing under *Foster* violated the *Ex Post Facto* or Due Process clauses of the Constitution. Because Ground One and Two substantially overlap, the Court will consider them together.

This Court has addressed the same argument many times before. The United States Supreme Court has clearly established that, except for the existence of a prior conviction, facts supporting the increase of a sentence beyond the "statutory maximum" must be admitted by the defendant or proven to a jury beyond a reasonable doubt. *See Blakely v. Washington*, 542 U.S. 296, 303-04, 124 S.Ct. 2531, 2541, 159 L.Ed.2d 403 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 489, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The *Apprendi* Court was careful to state that the ruling does not remove all discretion from sentencing judges:

> . . . nothing in this history [of sentencing procedures] suggests that it is impermissible for judges to exercise discretion-taking into consideration various factors relating both to offense and offender-in imposing a judgment *within the range* prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing sentence *within statutory limits* in the individual case. *See, e.g., Williams v. New York*, 337 U.S. 241, 246 (1949).

*Id.* at 481, 120 S.Ct. 2348 (emphasis in original).

On February 27, 2006, the Ohio Supreme Court decided *Foster* which struck down

---

[2] Pursuant to O.R.C. § 2929.14(A)(1), the shortest prison term is three years for first degree felony cocaine trafficking and the longest prison term is ten years.

O.R.C. §§ 2929.14(B), (C) and (E)(4), among other sections, as unconstitutional under *Blakely* because they required a court to make findings, not determined by a jury beyond a reasonable doubt, before the imposition of certain sentences on an offender who had never been to prison. *Foster*, 109 Ohio St.3d at 26. The Ohio Supreme Court, applying a remedy similar to that adopted in *Booker*, severed O.R.C. §§ 2929.14(B), (C) and (E)(4) thereby allowing trial courts full discretion to impose a prison sentence within the statutory range without making findings or giving reasons for exceeding the minimum sentence. *Id*. at 30. The *Foster* Court held that its ruling must be applied to all cases, like Martin's, still on direct review or not yet final. *Id.* at 31.

The United States Constitution specifically prohibits states from passing *ex post facto* laws. U.S. Const., Art. I, § 10, cl. 1. The Constitution's bar against *ex post facto* laws, however, does not apply to courts:

> The *Ex Post Facto* Clause, by its own terms, does not apply to courts. Extending the Clause to courts through the rubric of due process . . . would circumvent the clear constitutional text. It also would evince too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decisionmaking, on the other.

*Rogers v. Tennessee*, 532 U.S. 451, 460 (2001)

Although the *Ex Post Facto* Clause does not apply to courts, "limitations on *ex post facto* judicial decisionmaking are inherent in the notions of due process." *Id*. at 456. In particular, the Supreme Court has found that a court may not unexpectedly and indefensibly construe a criminal statute so as to criminalize conduct which had not been criminal prior to the court's new construction. *See Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894

(1964).³ Such a *post hoc* criminalization of previously-innocent acts fails to give defendants fair warning of the punitive consequences of their behavior. The Supreme Court has explicitly declined, however, to apply all the protections of the *Ex Post Facto* Clause to courts by way of the Due Process Clause. *Id*. at 458-461. These judicial limitations are most concisely reflected in the basic principle of fair warning. The *Rogers* Court rested its rationale on "core concepts of notice, foreseeability, and in, particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* at 459.

Upon appeal, Martin's second sentence was affirmed by the state appellate court, finding that the same arguments had been rejected by other Ohio appellate and federal courts. (Doc. No. 4, Exh. 13.) Martin asserts that his sentence violates *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). (Doc. No. 6 at 6-9.) The *Miller* Court found that a defendant sentenced under Florida's amended sentencing statute for criminal acts committed prior to the statute's revision violated the *Ex Post Facto* Clause. Florida's statutes assigned points for various offenses and factors relevant to those offenses. A defendant's point score created a presumptive range of sentences. A judge, without explanation, could sentence a defendant to any term within that range. However, if the judge departed from that range, the statute required the judge to make a written explanation. Miller was convicted of sexual battery at a time when

---

³ While the *Bouie* Court held that a defendant may only be punished for acts that were criminal at the time the defendant performed them, the Court also held that unconstitutional statutes may nevertheless give a defendant fair warning of the penalties that a state may seek to impose on a defendant. *See Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977); *United States v. Duncan*, 400 F.3d 1297, 1307-08 (11th Cir. 2006).

the presumptive range for his acts was 3-1/2 to 4-1/2 years. The legislature subsequently increased the presumptive range to 5-1/2 to 7 years. The sentencing court imposed a 7-year sentence without explanation. The Supreme Court found that the application of the revised guidelines to *Miller* violated the *Ex Post Facto* Clause.

Martin's claim here is distinguishable as it involves the retroactive application of a judicial decision rather than a legislative act. *See Rogers,* 532 U.S. at 460; *Woody v. Welch*, 2009 WL 1440828, Case No. 3:08cv2534, *9 (N.D. Ohio May 20, 2009). Moreover, the Sixth Circuit has rejected arguments identical to the one Martin currently advances. In *Semala v. Duffey*, the Court addressed the issue as follows:

> In 2009, Semala filed the instant § 2254 petition, arguing that the trial court (1) violated her rights under the Due Process and Ex Post Facto Clauses by sentencing her to more-than-the-minimum and consecutive prison terms that were not available to the court at the time she had committed the offenses; and (2) violated her individual due process rights by sentencing her to more-than-the-minimum and consecutive prison terms without additional findings made by the jury and where she lacked actual or constructive notice of the possible sentences. A magistrate judge issued a report recommending that Semala's petition be denied. The district court adopted the report and recommendation over Semala's objections and denied the petition.
>
> On appeal, Semala argues that her resentencing under *Foster* "violated the ex post facto prohibitions inherent in the Due Process Clause" because it retroactively subjected her "to a sentence that exceeded the sentence she was subject to when the alleged offenses were committed." She argues that, by severing the statutes, the Ohio Supreme Court allowed the trial court to sentence her to non-minimum terms without having to make any of the findings on the record, as was previously required under Ohio Rev. Code § 2929.14(B).
>
> Upon de novo review, *see Bell v. Bell*, 512 F.3d 223, 231 (6th Cir.), *cert. denied*, 129 S. Ct. 114, 172 L. Ed. 2d 35 (2008), we find that, because non-minimum and consecutive sentences were always potentially available, and Semala was at all times aware of their potential availability, her resentencing under *Foster* violated neither the Ex Post Facto nor the Due Process Clause. *See Hooks v. Sheets*, 603 F.3d 316, 2010 WL 1655578, at *4 (6th Cir. 2010).

*Semala v. Duffey*, 2010 U.S. App. LEXIS 24564 at **2-3 (6th Cir. June 9, 2010).

In addition, Ohio federal district courts have also rejected *ex post facto* challenges to the retroactive application of judicial reconstruction of a statute. *See, e.g., Keith v. Voorhies,* 1:06CV2360, 2009 U.S. Dist. LEXIS 4726, at * 34, (N.D. Ohio Jan. 23, 2009)( Lioi, J.); *Watkins v. Williams*, 2008 U.S. Dist. LEXIS 47557 (N.D. Ohio Jun. 17, 2008) (Adams, J.); *Lyles v. Jeffreys*, 2008 U.S. Dist. LEXIS 33822 (N.D. Ohio Apr. 24, 2008) (Oliver, J.); *Smith v. Moore,* 2008 WL 3890009, Case No. 3:07CV1121, (N.D. Ohio Aug. 19, 2008) (Adams, J.); *Hooks v. Sheets*, 2008 U.S. Dist. LEXIS 77612 (S.D. Ohio Oct. 3, 2008) (Beckwith, J.).[4]

Finally, with respect to Martin's argument as it relates to the imposition of consecutive sentences, it is wholly without merit. Martin does not cite the United States Supreme Court's decision in *Oregon v. Ice*, 555 U.S. 160 129 S.Ct. 711, 172 L. Ed. 2d 517 (2009), decided three months prior to the filing of his petition. In *Ice*, the Supreme Court made it clear that *Blakely* and the Sixth Amendment are simply inapplicable to consecutive sentences, explaining that historically juries played "no role in the decision to impose sentences consecutively or concurrently [but] [r]ather, the choice rested exclusively with the judge." 129 S. Ct. at 717. Also, since the filing of his petition, the Sixth Circuit has made it clear that since a defendant "was always subject to consecutive rather than concurrent sentences in the discretion of the trial

---

[4] The Ohio Supreme Court also addressed the *ex post facto* and due process issues when a defendant is resentenced under *Foster* for an earlier offense. The Court found there was no violation of a Sixth Amendment right to a jury trial. It also held that neither the *Ex Post Facto* nor Due Process Clauses were violated. *State v. Elmore*, 122 Ohio St.3d 72, 912 N.E.2d 582 (Ohio 2009). The *Elmore* Court concluded that the defendant had notice of the sentencing range, which was the same at the time he committed the crimes as when he was resentenced. While the Ohio Supreme Court's interpretation of federal law is not binding on this Court, the *Elmore* decision is persuasive and consistent with federal rulings on this matter.

court, [a] re-sentencing under *Foster* did not raise *ex post facto* or due process concerns." *Hooks v. Sheets*, 603 F.3d 316, 321 (6th Cir. 2010). Therefore, when imposing a consecutive sentence, neither the presence nor the lack of judicial fact-finding violates clearly established federal law. As such, any argument that *Blakely* precluded the imposition of consecutive sentences where judicial findings of fact were made is unavailing.

### III. Conclusion

For the foregoing reasons, it is recommended that Martin's Petition be DENIED.

s/ Greg White<br>U.S. MAGISTRATE JUDGE

Date: February 3, 2011

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**